## Satz v. Lamar.

*Practice, C. P.—Contract not to engage in same business—Breach—Measure of damages—Sufficiency of evidence.*

The measure of damages for the breach of a contract not to engage in a certain business in competition with plaintiff for a term of years is not what amount of business the defendant has done in violation of his contract, but how that has affected plaintiff's business to his damage; and where the evidence is not of sufficient certainty and exactness to have enabled the jury to estimate the damages according to this standard, the verdict will be set aside and a new trial will be granted.

Rule by defendant for new trial. C. P. Berks Co.; April T., 1920, No. 100.

*Robert G. Bushong,* for defendant and rule.

*Wm. Kerper Stevens* and *George Eves,* for plaintiff.

WAGNER, J., Nov. 26, 1921.—On Aug. 5, 1919, the plaintiff, for the sum of $4000, purchased defendant's business at No. 114 Madison Avenue, Reading, Pa., known as the Penn Auto Service. The defendant agreed that he would not "by himself, or by his servants or employees, engage in the business of furnishing automobiles for hire, for the carriage of passengers or freight, within the City of Reading," for a period of five years from the date of the agreement.

In his statement plaintiff averred that the defendant had violated this provision of the agreement by engaging in the business of furnishing automo-
1 D. & C.

biles for hire, for the carriage of passengers and freight, in the City of Reading, and claimed that, because of this breach of contract, he has suffered damages for which suit was brought. The jury returned a verdict for the plaintiff for $781.

There is no question whatever but that, if plaintiff's witnesses were believed, there was by the defendant a breach of the contract as claimed by the plaintiff. The defendant does not base his reasons for a new trial upon the ground that there was not any evidence of a breach, but upon the ground that the evidence was not such as to enable the jury to base a verdict thereon for the amount rendered.

The question was not what amount of business the defendant had done in violation of his contract, but how that had affected plaintiff's business to his damage. "Upon the breach of a contract of a sale of the good-will of a business, the measure of damages is the loss suffered by the purchaser by reason of the wrongful acts of the seller, and not the profits realized by defendants as the result of his wrongful enterprise; and if plaintiff fails to furnish the data from which the court or jury can estimate his actual damages, his recovery will be restricted to nominal damages:" 20 Cyc., 1282. The only evidence that we have upon which to base damages is that of the plaintiff, where he testified that a customer had asked him to take him to Lancaster, and that the defendant, by underbidding him $3, had secured the job. The plaintiff also testified that when he purchased the business, the gross receipts were about $300 a week, and then, after the defendant went into business, they dropped to $50 or $60 and sometimes $75 a week. The total amount of decrease was not given, nor the manner in which it had decreased from $300 to $50, upon which in any way to base a verdict of $781.

Plaintiff's counsel cited Brewing Co. v. McCann, 118 Pa. 314, in support of their contention that the evidence in this case was sufficient. An examination of that case shows that the jury had something definite upon which to base the verdict for the plaintiff for $391. McCann had leased from the brewing company a place in which to sell liquors. The brewing company had control over a room adjoining the one leased to McCann. At the time of the lease, the brewing company agreed with McCann that it would not permit liquor to be sold in this adjoining room during the time of McCann's lease. This agreement of the brewing company with McCann was broken. Mr. Justice Williams (page 321) says: "The continuous sale of drink in the room between his own and the entrance to the theatre afforded one reason, and an adequate reason, for the falling off in his own business." The plaintiff in that case testified "that his business during the last fifteen months of his lease fell below that of the preceding fifteen months by $4041.85, and that his profits, after deducting all expenses, would be one-half his gross sales." In that case, therefore, we have first an adequate reason for the falling off of plaintiff's business, in that defendant permitted a similar business to be run in a room between plaintiff's and the entrance to a theatre; and, second, we have data upon which to base an estimate of the damages; that is, the total amount of the falling off of business for a period of fifteen months, together with what the profits thereon would have been. In this case we do not have any evidence of the total decrease of business or loss of profits. All we have is that it had been $300 a week and fell to $50 a week. In Hughes v. Ireland, 74 Pa. Superior Ct. 518, 522, we have: " 'If the plaintiff fails to furnish sufficient data to enable the jury, with a reasonable degree of certainty and exactness, to estimate the actual damages sustained by the purchaser, then his recovery will be restricted to nominal damages:' Shaw v. Jones, Newton & Co., 66 S.

Satz v. Lamar.

E. Repr. 240 (Ga.); Breeding v. Tandy, 146 S. W. Repr. 742 (Ky.); Sessinghaus Milling Co. v. Hanebrink, 152 S. W. Repr. 354 (Mo.); Raymond v. Yarrington et al., 73 S. W. Repr. 800 (Tex.); 3 Sutherland on Damages (3rd ed.), § 658."

From Wellington M. Bertolet, Reading, Pa.